UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ALVIN HOWARD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LEO A. WHITESIDE, PATRICIA L. | ) | Case No: 4:10-cv-13 |
| WHITESIDE, WHITESIDE REVOCABLE | ) | |
| TRUST DATED 12-20-1987, and | ) | |
| MISSOURI BONE AND JOINT CENTER, | ) | |
| INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant, Missouri Bone and Joint Center, Inc. ("MBJC"), by its attorney, J. Talbot Sant, Jr. and for its Answer and Affirmative Defenses, states as follows:

1.     As to the allegations in paragraph 1 of the Complaint, MBJC admits that Plaintiff obtained a judgment against Defendant Missouri Bone and Joint Center, Inc. in the amount of $175,000 on March 26, 2009 in case no. 4:05-cv-1333-HEA in the Eastern District of Missouri.  MBJC denies each remaining allegation in paragraph 1 of the Complaint.

2.     MBJC admits the allegations contained in paragraph 2 of the Complaint.

3.     MBJC admits the allegations contained in paragraph 3 of the Complaint.

4.     MBCJ denies the allegations contained in paragraph 4 of the Complaint.

5.      MBJC admits the allegations contained in paragraph 5 of the Complaint.

6.      MBJC admits the allegations contained in paragraph 6 of the Complaint.

7.      MBJC admits the allegations contained in paragraph 7 of the Complaint.

8.      MBJC admits the allegations contained in paragraph 8 of the Complaint.

9.      MBJC admits the allegations contained in paragraph 9 of the Complaint.

10.     MBJC denies that jurisdiction is proper pursuant to 28 U.S.C. § 1332 but admits all other allegations contained in paragraph 10 of the Complaint.

11.     MBJC denies the allegations contained in paragraph 11 of the Complaint.

12.     MBJC admits the allegations contained in paragraph 12 of the Complaint.

13.     MBJC admits the allegations contained in paragraph 13 of the Complaint.

14.     With respect to the allegations contained in paragraph 14 of the Complaint, MBJC admits that Plaintiff trained at MBJC's facility on or around January 10, 2001. MBJC lacks knowledge or information to verify the truth of any remaining allegations contained in paragraph 14 of the Complaint and therefore, denies such allegations.

15.     Due to lack of knowledge, MBJC denies the allegations contained in paragraph 15 of the Complaint.

16.     Due to lack of knowledge, MBJC denies the allegations contained in paragraph 16 of the Complaint.

17.     Due to lack of knowledge, MBJC denies the allegations contained in paragraph 17 of the Complaint.

18.     MBJC admits the allegations contained in paragraph 18 of the Complaint.

19.     MBJC admits the allegations contained in paragraph 19 of the Complaint.

20.    MBJC admits the allegations contained in paragraph 20 of the Complaint.

21.    MBJC admits the allegations contained in paragraph 21 of the Complaint.

22.    As to the allegations contained in paragraph 22 MBJC admits the

Underlying Case is currently on appeal to the Eight Circuit Court of Appeals and that no

bond is posted.  MBJC denies the remaining allegations contained in paragraph 22 of the

Complaint.

COUNT I

23.    As and for its response to paragraph 23 of the Complaint, MBJC

incorporates its Answers to paragraphs 1-22 of the Complaint.

24.    MBJC admits the allegations contained in paragraph 24 of the Complaint.

25.    MBJC denies the allegations contained in paragraph 25 of the Complaint.

26.    MBJC admits it provides medical treatments and physical therapy

treatments.  MBJC denies each and every remaining allegation contained in paragraph 26

of the Complaint.

27.    MBJC denies the allegations contained in paragraph 27 of the Complaint.

28.    MBJC denies the allegations contained in paragraph 28 of the Complaint.

29.    MBJC admits the allegations contained in paragraph 29 of the Complaint.

30.    MBJC denies the allegations contained in paragraph 30 of the Complaint.

31.    MBJC denies the allegations contained in paragraph 31 of the Complaint.

COUNT II

32.    As and for its response to paragraph 32 of the Complaint, MBJC

incorporates its Answers to paragraphs 1-31 of the Complaint.

33.    As to the allegations contained in paragraph 33, MBJC admits that the

Underlying Case and alleged damages were based upon an alleged injury on January 10,

2001.  MBJC denies each remaining allegation contained in paragraph 33 of the

Complaint.

34.    MBJC admits the allegations contained in paragraph 34 of the Complaint.

35.    MBJC admits the allegations contained in paragraph 35 of the Complaint.

36.    With respect to the allegations contained in paragraph 36 of the Complaint,

MBJC admits it obtained a loan from the trust and entered into a promissory note and

security agreement wherein MBJC borrowed $1,800,000 from the Trust and the Trust

was granted a security interest in all assets of MBJC.  MBJC denies any remaining

allegations contained in paragraph 36.

37.    MBJC admits the allegations contained in paragraph 37 of the Complaint.

38.    MBJC denies the allegations contained in paragraph 38 of the Complaint.

Answering further, the referenced loan was an actual loan refinancing a prior loan from a

financial institution to MBJC.

39.    MBJC denies the allegations contained in paragraph 39 of the Complaint.

40.    MBJC admits the allegations contained in paragraph 40 of the Complaint.

41.    MBJC denies the allegations contained in paragraph 41 of the Complaint.

42.    MBJC admits the allegations contained in paragraph 42 of the Complaint.

4

43.     The allegations set forth in paragraph 44 are a legal conclusion, and therefore no answer is required.  To the extent an answer is required, the allegations contained in paragraph 43 of the Complaint are denied.

44.     MBJC denies the allegations contained in paragraph 44 of the Complaint.

COUNT III

45.     As and for its response to paragraph 45 of the Complaint, MBJC incorporates its Answers to paragraphs 1-44 of the Complaint.

46.     The allegations set forth in paragraph 46 are a legal conclusion, and therefore no answer is required.  To the extent an answer is required, the allegations contained in paragraph 46 of the Complaint are denied.

47.     MBJC admits the allegations contained in paragraph 47 of the Complaint.

48.     MBJC admits that it is a debtor within the meaning of § 428.009(6) but denies all other allegations contained in paragraph 48 of the Complaint.

49.     The allegations contained in paragraph 49 are not plead against MBJC and are a legal conclusion.  Therefore, no answer is required.

50.     The allegations contained in paragraph 50 of the Complaint are admitted except that MBJC denies the transfers are fraudulent conveyances.

51.     MBJC denies the allegations contained in paragraph 51 of the Complaint.

52.     MBJC denies the allegations contained in paragraph 52 of the Complaint.

53.     MBJC denies that Plaintiff is entitled to any remedies.

<u>AFFIRMATIVE DEFENSES</u>

54.    Each count of the Complaint fails to state a claim upon which relief may be granted.

55.    Each cause of action purportedly set forth in the Complaint is barred by the applicable statute of limitations and/or the doctrines of laches, estoppel and waiver.

WHEREFORE, having fully answered, Defendant Missouri Bone and Joint respectfully requests that this Court enter an Order dismissing the Complaint with prejudice and taxing all costs against Plaintiff and granting MBJC such other and further relief as this Court deems just and proper.

ARMSTRONG TEASDALE LLP

BY: <u>/s/ J. Talbot Sant, Jr.</u>
     J. Talbot Sant, Jr.            #4260
     One Metropolitan Square, Suite 2600
     St. Louis, Missouri 63102-2740
     (314) 621-5070
     (314) 621-5065 (facsimile)
     jsant@armstrongteasdale.com

ATTORNEYS FOR DEFENDANT
MISSOURI BONE AND JOINT CENTER,
INC.

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon the parties via the court's electronic filing system and to all attorneys of record as follows by first class United States Mail postage pre-paid on this January __, 2010,:

**Mr. L. David Green**
Knapp, Ohl & Green
6100 Center Grove Road
P.O. Box 446
Edwardsville, IL 62025
618-656-5088
618-656-5466 – Fax
ldg@knappohlgreen.com

**Elizabeth A. Bradley**
KNAPP AND OHL
6100 Center Grove Road
P.O. Box 446
Edwardsville , IL 62025
618-656-5088
Fax: 618-656-5466

**Lawrence D. Green**
KNAPP, OHL AND GREEN
6100 Center Grove Road
Edwardsville , IL 62025
618-656-5088
Fax: 618-656-5466
Email: ldg@knappohlgreen.com

**William J. Knapp**
KNAPP AND OHL
6100 Center Grove Road
P.O. Box 446
Edwardsville , IL 62025
618-656-5088
Fax: 618-656-5466
Email: wjk@knappohlgreen.com

**John A. Bruegger**
KNAPP, OHL AND GREEN
707 Berkshire Boulevard
P.O. Box 521
East Alton , IL 62024
618-259-2222
Fax: 618-259-2251
Email: jab@knappohlgreen.com

**Larry Parres**
LEWIS RICE
500 N. Broadway
Suite 2000
St. Louis , MO 63102-2147
314-444-7682
Fax: 314-444-7682
Email: lparres@lewisrice.com

**David Streett**
Herren, Dare & Street
1051 North Harrison Avenue,
Saint Louis, MO 63122
(314) 965-3373
dstreett@hdsstl.com

**Grant R. Doty**
Lewis, Rice & Fingersh, L.C.
500 North Broadway, Suite 2000
St. Louis, MO 63102
314-444-7682
314-612-7682 – fax

_____ /s/ J. Talbot Sant, Jr. _____