UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ALVIN HOWARD )
)
Plaintiff, )
)
) Case No.: 4:10-cv-00013
)
vs. )
)
)
LEO A. WHITESIDE, et al. )
)
)
Defendant. )

## DEFENDANT LEO A. WHITESIDE'S ANSWER AND AFFIRMATIVE DEFENSES AS TO COUNTS II AND III OF PLAINTIFF'S COMPLAINT

COMES NOW Defendant Leo A. Whiteside, M.D. ("Dr. Whiteside"), by and through his attorney, and for is Answer and Affirmative Defenses to Counts II and III of Plaintiff's Complaint states as follows:

1.  As to the allegations on paragraph 1 of Plaintiff's Complaint, Dr. Whiteside admits that Plaintiff obtained a judgment against Defendant Missouri Bone and Joint Center, Inc. ("MBJC") in the amount of $175,000.00 on March 26, 2009 in Case No. 4:05-cv-1333-HEA in the Eastern District of Missouri, but denies each and every other allegation contained in paragraph 1.

2.  Dr. Whiteside admits the allegations contained in paragraph 2.

3.  Dr. Whiteside admits the allegations contained in paragraph 3.

4.  Dr. Whiteside denies the allegations contained in paragraph 4.

5.  Dr. Whiteside admits the allegations contained in paragraph 5.

6.  Dr. Whiteside admits the allegations contained in paragraph 6.

7.  Dr. Whiteside admits the allegations contained in paragraph 7.

8. Dr. Whiteside admits the allegations contained in paragraph 8.

9. Dr. Whiteside admits the allegations contained in paragraph 9.

10. Dr. Whiteside denies the allegations contained in paragraph 10.

11. Dr. Whiteside denies the allegations contained in paragraph 11.

12. Dr. Whiteside is without sufficient information to either admit or deny the allegations contained in paragraph 12, and therefore denies same.

13. Dr. Whiteside is without sufficient information to either admit or deny the allegations contained in paragraph 13, and therefore denies same.

14. Dr. Whiteside is without sufficient information to either admit or deny the allegations contained in paragraph 14, and therefore denies same.

15. Dr. Whiteside is without sufficient information to either admit or deny the allegations contained in paragraph 15, and therefore denies same.

16. Dr. Whiteside is without sufficient information to either admit or deny the allegations contained in paragraph 16, and therefore denies same.

17. Dr. Whiteside is without sufficient information to either admit or deny the allegations contained in paragraph 17, and therefore denies same.

18. Dr. Whiteside admits the allegations contained in paragraph 18.

19. Dr. Whiteside admits the allegations contained in paragraph 19.

20. Dr. Whiteside admits the allegations contained in paragraph 20.

21. Dr. Whiteside admits the allegations contained in paragraph 21.

22. Dr. Whiteside admits that the Underlying Case (as defined in Plaintiff's Complaint) is currently on appeal in the Eight Circuit Court of Appeals, but denies each and every other allegation contained in paragraph 22.

## Answer to Count II

Because paragraphs 23 through 31 are restated and re-alleged in Count II of Plaintiff's Petition, and for the sole and exclusive purpose of answering the allegations contained in Count II, Dr. Whiteside answers as follows:

23. Dr. Whiteside restates and re-alleges his answers to paragraphs 1 to 22 inclusive.

24. Dr. Whiteside admits the allegations contained in paragraph 24.

25. Dr. Whiteside denies the allegations contained in paragraph 25.

26. Dr. Whiteside admits the allegations contained in paragraph 26.

27. Dr. Whiteside denies the allegations contained in paragraph 27.

28. Dr. Whiteside denies the allegations contained in paragraph 28.

29. Dr. Whiteside admits the allegations contained in paragraph 29.

30. Dr. Whiteside denies the allegations contained in paragraph 30.

31. Dr. Whiteside denies the allegations contained in paragraph 31.

32. See above.

33. Dr. Whiteside denies the allegations contained in paragraph 33.

34. Dr. Whiteside admits the allegations contained in paragraph 34.

35. Dr. Whiteside admits the allegations contained in paragraph 35.

36. Dr. Whiteside admits MBJC obtained a loan from the Trust and entered into a promissory note and security agreement wherein MBJC borrowed $1,800,000.00 from the Trust and the Trust was granted a security interest in all assets of MBJC. Dr. Whiteside denies all other allegations contained in paragraph 36.

37. Dr. Whiteside admits the allegations contained in paragraph 37.

38. Dr. Whiteside denies the allegations contained in paragraph 38.

39. Dr. Whiteside denies the allegations contained in paragraph 39.

40. Dr. Whiteside denies the allegations contained in paragraph 40.

41. Dr. Whiteside denies the allegations contained in paragraph 41.

42. Dr. Whiteside admits the allegations contained in paragraph 42.

43. Dr. Whiteside denies the allegations contained in paragraph 43.

44. Dr. Whiteside denies the allegations contained in paragraph 44.

WHEREFORE, having fully answered, Defendant Leo A. Whiteside requests this Court to dismiss Count II of Plaintiff's petition, to award him his costs in defending this action and for such further relief as this court deems proper.

## Answer to Count III

COMES NOW Dr. Whiteside, and for his Answer to Count III of Plaintiff's Complaint states as follows:

45. Dr. Whiteside estates and re-alleges his answers to paragraphs 1 – 44 inclusive as if fully pled herein.

46. Dr. Whiteside denies the allegations contained in paragraph 46.

47. Dr. Whiteside denies the allegations contained in paragraph 47.

48. Dr. Whiteside denies the allegations contained in paragraph 48.

49. Dr. Whiteside denies the allegations contained in paragraph 49.

50. Dr. Whiteside denies the allegations contained in paragraph 50.

51. Dr. Whiteside denies the allegations contained in paragraph 51.

52. Dr. Whiteside denies the allegations contained in paragraph 52.

53. Dr. Whiteside denies the allegations contained in paragraph 53.

WHEREFORE, having fully answered, Defendant Leo A. Whiteside requests this Court to dismiss Count III of Plaintiff's petition, to award him his costs in defending this action and for such further relief as this court deems proper.

### Affirmative Defenses

COMES NOW Defendant Leo A. Whiteside, and for his Affirmative Defenses to Counts II and III of Plaintiff's Petition states that:

A. Counts II and III of Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

B. Counts II and III of Plaintiff's Complaint is barred by the doctrine of waiver.

C. Counts II and III of Plaintiff's Petition is barred by the doctrine of estoppel.

WHEREFORE, having fully answered, Defendant Leo A. Whiteside requests this Court to dismiss Counts II and III of Plaintiff's petition, to award him his costs in defending this action and for such further relief as this court deems proper.

HERREN, DARE & STREETT

By: /s/ David T. Streett
David T. Streett    #70352
1051 N. Harrison Ave.
St. Louis, Missouri 63122
(314) 965-3373
(314) 965-2225 Fax
Email: dstreett@hdsstl.com
Attorney for Defendant Leo A. Whiteside

Certificate of Service

The undersigned certifies that on February 4, 2010 a true and accurate copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Brent W. Baldwin
Baker Sterchi Cowden & Rice, L.L.C.
1010 Market Street, Suite 950
St. Louis, Missouri 63101
Baldwin@bscr-law.com

Grant R. Doty
Lewis, Rice & Fingersh, L.C.
500 North Broadway, Suite 2000
St. Louis, Missouri 63102
gdoty@lewisrice.com

John A. Bruegger
6100 Center Grove Road
P.O. Box 446
Edwardsville, Illinois 62025
jab@knappohlgreen.com

J. Talbot Sant, Jr.
Armstrong Teasdale, LLP
One Metropolitan Square
Suite 2600
St. Louis, MO 63102
jsant@armstrongteasdale.com

/s/ David T. Streett