UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ALVIN HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10-CV-13 CAS |
| | ) | |
| LEO A. WHITESIDE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Leo A. Whiteside's motion to dismiss Count I of plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motion and it is fully briefed. For the following reasons, the Court will grant the motion to dismiss.

**Background**

This is an action for declaratory judgment under 28 U.S.C. § 2201 and the Missouri Uniform Fraudulent Transfer Act, Mo. Rev. Stat. §§ 428.005, et seq. (2000). Plaintiff Alvin Howard obtained a judgment (the "Judgment") against defendant Missouri Bone and Joint Center, Inc. ("MBJC") on March 26, 2009 in a separate action in this Court in Case No. 4:05-CV-1333 HEA (the "underlying case"). Plaintiff has been unable to collect the Judgment and brings this action in an attempt to further his efforts to do so. Plaintiff contends that defendant Leo A. Whiteside, a physician and principal of MBJC, is personally liable on the Judgment and fraudulent conveyed assets of MBJC in order to defraud its future creditors.

**Legal Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. The Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), that a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 560 (abrogating the traditional 12(b)(6) "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). A plaintiff need not provide specific facts in support of his allegations, Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir.), cert. denied, 129 S. Ct. 222 (2008) (quoting Twombly, 550 U.S. at 555-56 & n.3). A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." Twombly, 550 U.S. at 562 (quoted case omitted). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." Id. at 556.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Id.; Fed. R. Civ. P. 8(a)(2).

**Discussion**

Defendant Whiteside moves to dismiss Count I, which seeks among other things declarations that Whiteside is liable to plaintiff for the Judgment and that Whiteside's aassets are available to satisfy the Judgment. Whiteside quotes paragraph 28 of Count I, in which plaintiff alleges, "By operation of The Professional Corporation Law of Missouri, Dr. Whiteside is liable in his individual capacity for the Judgment won by Plaintiff, which was based on the Underlying Case of negligence against MBJC." Complaint at 5. Whiteside argues that Count I is insufficient as a matter of law because it fails to state (1) what provision of the Professional Corporation Law of Missouri, Chapter 356 Mo. Rev. Stat., is applicable, and (2) what conduct by Whiteside gives rise to liability in his individual capacity. Whiteside notes that he was not a named defendant in the underlying case.

Whiteside asserts that the allegation he is liable in his individual capacity for the Judgment won by plaintiff is not a factual allegation, and is at best an incorrect legal allegation. Whiteside contends that plaintiff does not allege anywhere in Count I what facts elicited in the underlying case would give rise to his personal liability, and to meet Twombly's plausibility standard, Count I must "contain more than 'labels and conclusions.'" Perry v. Allied Services, LLC, 2008 WL 413839, at *1 (E.D. Mo. Feb. 13, 2008).

Plaintiff responds that Count I is sufficient to state a claim because it alleges Whiteside is personally liable for the Judgment because he wrongfully formed MBJC under the General and Business Corporation Law of Missouri rather than under the Professional Corporation Law of Missouri. Plaintiff asserts that if MBJC had been incorporated under the Professional Corporation Law, an individual who renders professional services is liable for any negligent or wrongful acts or omissions in which he personally participated, or if he negligently appointed or supervised an

3

employee, or participated in the activity in question with another employee, pursuant to Missouri Revised Statute § 356.171.1 (2000).  Plaintiff further responds that an actual controversy exists between him and Whiteside for purposes of the Declaratory Judgment Act, because he alleges that Whiteside should be liable on the underlying case and Whiteside denies liability.  Whiteside replies that plaintiff has not pleaded any causal connection between Whiteside's ownership interest in MBJC and plaintiff's loss.

The Court finds that even when liberally construed, Count I of plaintiff's complaint does not contain adequate factual allegations to support his claim for declaratory judgment against defendant Whiteside.  Count I alleges that (1) MBJC was incorporated as a General Business Corporation, (2) MBJC should have been incorporated under the Professional Corporation Law, (3) MBJC, Dr. Whiteside, and their employees and/or agents are in the business of providing medical and physical therapy treatment to patients such as plaintiff, and (4) by wrongfully incorporating MBJC as a General Business Corporation, Whiteside sought to avoid the liability that the Professional Corporation Law would impose on him as a physician and as the director of MBJC.  Plaintiff then alleges that Dr. Whiteside is liable in his individual capacity for the Judgment "by operation of The Professional Corporation Law of Missouri."  Complaint at 5.

The Missouri statute on which plaintiff relies in his response, § 356.171, provides as follows:

> 1.  Every individual who renders a professional service as an employee of a professional corporation or a foreign professional corporation shall be liable for any negligent or wrongful act or omission in which he or she personally participates to the same extent as if he or she rendered such service in his or her individual capacity.  An employee of a professional corporation or a foreign professional corporation shall not be liable for the conduct of other employees in which he or she did not personally participate, unless he or she was negligent in appointing, supervising, or participating in the activity in question with that employee.

> 2. Every professional corporation and foreign professional corporation whose employees perform professional services within the scope of their employment or of their apparent authority to act for the professional corporation or foreign professional corporation shall be liable to the same extent as its employees.
>
> 3. Except as otherwise provided by law, the personal liability of a shareholder of a professional corporation or foreign professional corporation in his or her capacity as such shall be no greater in any respect than that of a shareholder of a corporation organized under the general and business corporation law of Missouri, chapter 351, RSMo.

§ 356.171, Mo. Rev. Stat.

Plaintiff's allegation that Whiteside is individually liable on the Judgment is a legal conclusion. Under Twombly, such a conclusion is insufficient to state a claim. Plaintiff does not allege any facts to support his conclusion that Whiteside is personally liable to him on the Judgment pursuant to § 356.171. Plaintiff alleges only that Whiteside is a physician in the business of providing medical and physical therapy treatment to patients such as plaintiff. Nowhere in the Complaint has plaintiff alleged that Whiteside (1) engaged in a negligent or wrongful act or omission while rendering professional services to plaintiff, (2) negligently appointed or supervised an employee who engaged in such an act or omission, or (3) participated with another employee in a wrongful act or omission. See § 356.171.1. Plaintiff therefore does not allege "sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." See Schaaf, 517 F.3d at 549. Finally, plaintiff's assertion that an actual controversy exists between him and Whiteside does not establish that plaintiff has stated a claim upon which relief can be granted. As a result, defendant Whiteside's motion to dismiss for failure to state a claim should be granted.

**Conclusion**

For the foregoing reasons, the Court will grant defendant Whiteside's motion to dismiss Count I of the Complaint for failure to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Leo A. Whiteside's motion to dismiss Count I is **GRANTED**.  [Doc. 12]

An order of partial dismissal will accompany this Memorandum and Order.

                                                            /s/ Charles A. Shaw
                                                            **CHARLES A. SHAW**
                                                            **UNITED STATES DISTRICT JUDGE**

Dated this   4th   day of March, 2010.