UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ALVIN HOWARD, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | No. 4:10-CV-13 CAS |
| LEO A. WHITESIDE, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to file a first amended complaint with respect to Count I against defendant Leo A. Whiteside ("Whiteside"). Whiteside opposes the motion. Plaintiff did not file a reply memorandum and the time to do so has passed. For the following reasons, the Court will deny the motion for leave to amend without prejudice.

**Background**

This is an action for declaratory judgment under 28 U.S.C. § 2201 and the Missouri Uniform Fraudulent Transfer Act, Mo. Rev. Stat. §§ 428.005, et seq. (2000). Plaintiff Alvin Howard obtained a judgment (the "Judgment") against defendant Missouri Bone and Joint Center, Inc. ("MBJC") on March 26, 2009 in a separate action in this Court in Case No. 4:05-CV-1333 HEA (the "underlying case"). Plaintiff has been unable to collect the Judgment and brings this action in an attempt to further his efforts to do so. In Count I, plaintiff contended that defendant Leo A. Whiteside, a physician and principal of MBJC, is personally liable on the Judgment and fraudulent conveyed assets of MBJC in order to defraud its future creditors.

Whiteside moved to dismiss the claims against him in Count I for failure to state a claim upon which relief can be granted, and the motion was granted by Memorandum and Order and Order of Partial Dismissal dated March 4, 2010 (Doc. 22).

**Legal Standard**

The Court must determine whether plaintiff should be granted leave to replead the claim in Count I against Whiteside that was previously dismissed. Although a district court "should freely give leave [to amend] when justice so requires," Federal Rule of Civil Procedure 15(a)(2), "plaintiffs do not enjoy an 'absolute or automatic right to amend' a deficient [c]omplaint." U.S. ex rel. Roop v. Hypoguard USA, Inc.,559 F.3d 818, 822 (8th Cir. 2009) (quoting United States ex rel. Lee v. Fairview Health Sys., 413 F.3d 748, 749 (8th Cir. 2005)). In addition, "interests of finality dictate that leave to amend should be less freely available after a final order has been entered. . . . '[D]ifferent considerations apply to motions filed after dismissal.'" Id. at 823 (quoting Briehl v. General Motors Corp., 172 F.3d 623, 629 (8th Cir. 1999)); see also Humphreys v. Roche Biomedical Labs., Inc., 990 F.2d 1078, 1082 (8th Cir. 1993). "[D]istrict courts in this circuit have considerable discretion to deny a post-judgment motion for leave to amend because such motions are disfavored, but may not ignore the Rule 15(a)(2) considerations that favor affording parties an opportunity to test their claims on the merits . . . ." Roop, 559 F.3d at 824.

**Discussion**

Although plaintiff has submitted a proposed amended complaint, he does not indicate how the amended complaint differs from the original complaint, and fails to explain how the amended complaint cures the defects that existed in the original complaint. In fact, plaintiff states only that he "seeks to amend the Complaint to add additional allegations to Count I against Dr. Whiteside

2

individually." Mot. for Leave at 2. Under these circumstances, the Court will deny leave to amend without prejudice. Cf. Roop, 559 F.3d at 824 (court did not abuse its discretion in denying leave to file an amended complaint post-dismissal where plaintiff did not indicate how the amended complaint was different, and the "court was not obligated to ferret out well-hidden changes in a post-judgment amended pleading without guidance from [plaintiff].").

Plaintiff should be mindful that a post-dismissal motion for leave to amend a complaint is "disfavored." Roop, 559 F.3d at 824. Any future motion for leave to amend must include a statement of how the proposed amended complaint differs from the original complaint and argument from plaintiff, supported by citation to legal authority, establishing why leave to amend should be granted. Specifically, plaintiff should explain how the proposed amendment would cure the defects of the original complaint. See Cornelia I. Crowell GST Trust v. Possis Med., Inc, 519 F.3d 778, 784-85 (8th Cir. 2008).

**Conclusion**

For the foregoing reasons, the Court will deny without prejudice plaintiff's motion for leave to file an amended complaint. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file an amended complaint is **DENIED** without prejudice. [Doc. 36]

*/s/ Charles A. Shaw*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  11th  day of May, 2010.

3