ALVIN HOWARD,                    )
                                 )
            Plaintiff,           )
                                 )
      v.                         )          No. 4:10-CV-13 CAS
                                 )
LEO A. WHITESIDE, et al.,        )
                                 )
            Defendants.          )

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Missouri Bone and Joint Center, Inc.'s motion

for partial summary judgment on plaintiff's claims against it in Counts II and III of the Complaint.

Plaintiff Alvin Howard responded by filing a motion to strike MBJC's motion for summary

judgment as premature under Rule 56(f), Federal Rules of Civil Procedure.

For the following reasons, the Court will deny the motion for partial summary judgment and

deny as moot plaintiff's Rule 56(f) motion.

**Background**

This is an action for declaratory judgment under 28 U.S.C. § 2201 and the Missouri Uniform

Fraudulent Transfer Act, Missouri Revised Statutes §§ 428.005, et seq. (2000).[1]  Plaintiff obtained

a judgment (the "Judgment") against defendant Missouri Bone and Joint Center, Inc. ("MBJC") on

March 26, 2009 in a separate action in this Court in Case No. 4:05-CV-1333 HEA (the "underlying

case").  Plaintiff has been unable to collect the Judgment and brings this action in an attempt to

further his efforts to do so.

---

[1]All subsequent statutory references are to the Missouri Revised Statutes (2000).

With respect to defendant MBJC, plaintiff alleges that MBJC was improperly incorporated as a general business corporation (Count I), and seeks declarations that certain transfers from MBJC to the Patricia Whiteside Revocable Trust dated 12-20-1987 are fraudulent transfers in derogation of plaintiff's rights, and that MBJC's assets are available to satisfy the Judgment (Counts II and III).

**Legal Standards**

A. <u>Summary Judgment</u>

The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).

The initial burden is placed on the moving party. <u>City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.</u>, 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986).

Once the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); <u>Herring v. Canada Life Assur. Co.</u>, 207 F.3d 1026, 1029 (8th Cir. 2000); <u>Allen v. Entergy Corp.</u>, 181 F.3d 902, 904 (8th Cir.), <u>cert.</u> <u>denied</u>, 528 U.S. 1063 (1999). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S.

574, 586 (1986). A dispute about a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Herring, 207 F.3d at 1029 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A party resisting summary judgment has the burden to designate the specific facts that create a triable question of fact. See Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1114 (8th Cir. 2004).

B. Rule 56(f)

Rule 56(f) of the Federal Rules of Civil Procedure provides:

> **When Affidavits are Unavailable**. If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) deny the motion;
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
> (3) issue any other just order.

Rule 56(f), Fed. R. Civ. P.

Although adequate time must be provided for discovery, Rule 56 does not require the completion of all discovery before a court may properly grant summary judgment. Ray v. American Airlines, Inc., __ F.3d __, 2010 WL 2630442, at *3 (8th Cir. July 2, 2010). A party invoking the protection of Rule 56(f) must affirmatively demonstrate why he cannot respond to the motion, and how postponement of a ruling will enable him to rebut the movant's showing of the absence of a genuine issue of fact. Id. When a party seeks a postponement on a summary judgment decision, the party must "file an affidavit with the trial court to show what specific facts further discovery might unveil." Dulany v. Carnahan, 132 F.3d 1234, 1238 (8th Cir. 1997). The affidavit must show how the facts sought to be discovered are relevant "to rebut the movant's showing of the absence of a genuine issue of fact." Ray, 2010 WL 2630442 at *4 (quoting Humphreys v. Roche Biomedical Lab., Inc., 990 F.2d 1078, 1081 (8th Cir. 1993)). A court may proceed to enter summary judgment

3

without allowing additional discovery if there was no evidence concerning what further discovery might produce.  See Dulany, 132 F.2d at 1238-39.

**Facts**

The Court finds the following facts for purposes of the instant motion:

1.  On or about September 27, 2005, MBJC executed a Security Agreement in favor of the Patricia Whiteside Revocable Trust, dated 12-20-1987 (the "Trust").

2.  The Trust filed a UCC-1 Financing Statement with the Missouri Secretary of State on October 27, 2005.

3.  Plaintiff filed the Complaint on January 6, 2010.

**Discussion**

"A party who moves for summary judgment on the basis of a statute of limitations bears the burden of showing that the statute bars the plaintiff's claims."  Larabee v. Eichler, 271 S.W.3d 542, 545 (Mo. 2008) (en banc) (quoted case omitted).

MBJC moves for summary judgment on Counts II and III asserting that these claims are time barred.  MBJC relies on § 428.049, which provides that a claim for relief under the Missouri Uniform Fraudulent Transfers Act ("UFTA") is extinguished unless the action is brought "within four years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant." § 428.049(1).

MBJC asserts that the alleged fraudulent transfer, the grant of a security interest in favor of the Trust, was made on September 27, 2005 when MBJC executed the Security Agreement, and therefore the statute of limitations expired on September 27, 2009.  Plaintiff filed the Complaint on January 6, 2010.  MBJC further asserts that any contention plaintiff had an additional year from the

4

time he discovered or could reasonably have discovered the alleged fraudulent transfer is without merit because the Trust filed a UCC-1 Financing Statement with the Secretary of State of Missouri on October 27, 2005, putting all on notice of the Trust's security interest in all of the debtor's assets. (the UCC Filing). MBJC's only citation to legal authority in support of its motion, apart from § 428.049, is Coleman v. Alderman, 210 S.W.2d 994 (Mo. 1948) (holding that the statute of limitations for alleging fraudulent transfer with respect to real estate transactions begins to run upon the date of filing of the deed effecting transfer because plaintiff received constructive notice of the transaction).

Plaintiff responds to the motion for partial summary judgment by moving to strike it as premature under Rule 56(f).[2] Plaintiff asserts generally that the motion is premature because there has been no opportunity to conduct meaningful discovery, as initial disclosures have recently been served, he has served discovery requests which have not yet been answered, and no depositions have been taken. More specifically, plaintiff asserts that he cannot respond to the motion for summary

_____

[2]Motions to strike are properly directed only to material contained in pleadings. The Federal Rules of Civil Procedure define pleadings as "a complaint and an answer; a reply to a counterclaim . . . ; an answer to a cross claim . . . ; a third-party complaint . . . ; and a third party answer." Fed. R. Civ. P. 7(a). "Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike." 2 James W. Moore, et al., Moore's Federal Practice §12.37[2] (3rd ed. 2010). See, e.g., Coleman v. City of Pagedale, No. 4:06-CV-1376 ERW, 2008 WL161897, at *4 (E.D. Mo. Jan. 15, 2008) (sur-reply and memorandum were not pleadings and could not be attacked with a motion to strike); Williams ex rel. McIntosh v. City of Beverly Hills, Mo., No. 4:07-CV-661 CAS, 2008 WL 2792490, at *2 (E.D. Mo. Sept. 24, 2007) (motion to remand could not be attacked with a motion to strike). The Court will construe plaintiff's motion to strike as a motion for continuance of ruling under Rule 56(f), Fed. R. Civ. P.

judgment without obtaining discovery on several issues.[3]  Plaintiff also provides an affidavit of his counsel to the same effect.

Responding to the merits, plaintiff states that only Count III of the Complaint asserts a claim under UFTA, and that Count II is, in contrast, a declaratory judgment claim.  Plaintiff does not explain the nature of the underlying cause of action in Count II, however.  More importantly for purposes of the instant motion, plaintiff does not mention what limitations period he believes would apply to Count II, or assert that it is different than the UFTA limitations period applicable to Count III.

In a footnote, plaintiff challenges MBJC's reliance on Coleman, asserting that in Bueneman v. Zykan, 181 S.W.3d 105 (Mo. Ct. App. 2005), the Missouri Court of Appeals stated that Coleman was not persuasive authority in interpreting § 428.029 because it was decided before the statute was enacted.  In Bueneman, the court stated:

> Section 428.049 specifically states when the transfer was or could reasonably have been discovered by the claimant.  We don't believe that Appellants reasonably could be expected to search the recorder of deeds before they even obtained a judgment

---

[3]Plaintiff identifies these issues as:

(1) the intent of all the parties in conduct the transaction at issue in the Complaint at the time the transaction was commenced, (2) whether Defendant or Defendants ever notified Plaintiff of the transaction at any time during the pendency of the underlying case on which the Complaint is based, (3) whether Defendant or Defendants entered into the transaction legitimately or as a shield to protect a fraudulent transfer, (4) whether the UCC1 was filed legitimately to put creditors of Missouri Bone and Joint Center, Inc., on notice of the purported security interest of the Patricia Whiteside Revocable Trust dated 12/20/1987, or whether it was filed to further act as a shield by Defendants to further their fraudulent transfer, and (5) whether any other transfers have been made between Missouri Bone and Joint Center, Inc. and the Trust, such as partial repayment of the "loan" transaction, which would qualify as a fraudulent transfer.

Pl.'s Mem. Supp. Mot. to Strike at 3.

against Zykan, or before they realized their judgment was not going to be paid by Zykan. It is not reasonable to expect Appellants to see into the future and realize that they will obtain judgment against [defendant], [defendant] will flee the country and not pay the judgment, and therefore Appellants are going to have to investigate his property and transactions concerning his property to determine if any have been fraudulent, so that they can bring an action for fraudulent transfer of such property if such fraud is found, in order to finally fulfill their judgment. Such a scenario suggested by Respondents is unreasonable.

Bueneman, 181 S.W.3d at 111 (reversing grant of summary judgment because issues of material fact remained concerning whether the plaintiffs discovered or by reasonable diligence could have discovered the fraud, although the deed at issue had been recorded).

MBJC replies that Bueneman is a lower court decision that cites no authority for failing to follow the Missouri Supreme Court's decision in Coleman, and fails to follow the canon of statutory construction that "no statute should be construed to alter the common law further than the words import." Reply at 3, n.1. MBJC does not develop this argument further. MBJC contends that § 428.049 did not explicitly overrule prior case law, and that the court in Bueneman had no grounds to ignore Coleman simply because it was decided prior to the enactment of UFTA.

The Court finds that MBJC has not established its entitlement to judgment as a matter of law based on the statute of limitations. With respect to Count II, MBJC has not adequately identified the cause of action asserted or articulated what statute of limitations is applicable to it. MBJC's motion treats Count II as identical to Count III, but this proposition is unclear.

With respect to Count III, MBJC has failed to establish that Coleman offers a controlling interpretation of § 428.049 and mandates the entry of summary judgment as a matter of law on the existing record. This is for several reasons, none of which are addressed by MBJC. First, Coleman concerns the effect of recording a deed to real property. At least one Missouri decision has held that Coleman is inapposite to the recording of UCC financing statements. See Saidawi v. Giovanni's

<u>Little Place, Inc.</u>, 987 S.W.2d 501, 507 (Mo. Ct. App. 1999).  Second, the <u>Bueneman</u> decision that

MBJC criticizes does lend support to plaintiff's position, and was cited without criticism by the

Missouri Supreme Court in <u>Larabee</u>, 271 S.W.3d at 547.  Third, the precedential value of <u>Coleman</u>,

if on point, is unclear as the Missouri Supreme Court has twice quoted with approval an A.L.R.

Annotation that takes a significantly different view than <u>Coleman</u> concerning the effect of recording,

and in doing so did not mention <u>Coleman</u>.[4]

---

[4]In <u>Larabee v. Eichler</u>, the court cited with approval its prior decision which quoted the Annotation:

> Quoting from W.W. Allen, Annotation, <u>Public Records As Notice Of Facts Starting Running Of Statute of Limitations Against Action Based On Fraud</u>, 137 A.L.R. 268, 276 (1942), this Court noted:
>
> 'The proposition is frequently announced that, under the registration laws, the proper record of an instrument authorized to be recorded is notice to all the world. But this means simply that the record is open to all, and is notice to interested parties.  The record of an instrument is notice only to those who are bound to search for it. It is not a publication to the world at large.  The recording of a deed or mortgage, therefore, is constructive notice only to those who have subsequently acquired some interest or right in the property under the grantor or mortgagor.' 23 RCL p. 211, s 71.
>
> It is apparent, therefore, that where a court decides that a defrauded party is charged with notice of facts appearing from the records, so as to start the running of the statute of limitations against his action, the ruling cannot well be based on the recording laws, because those laws have reference to the outstanding rights and interests of third persons and are intended to give protection to those who in good faith acquire interests in reliance upon the records and who meet the conditions laid down.  The recording laws establish a priority as between innocent claimants to the same property or right; they are not intended to give security to the perpetrators of fraud as against their victims.  As pungently stated in <u>Andrews v. Smithwick</u> (1870) 34 Tex. 544, * * *, the recording laws do not make 'provision for the registration of fraud.'
> ' * * * (T)he purpose of recording laws is to notify persons acquiring title or rights subsequent to those of record, and not to give protection to the perpetrators of fraud. * * * '

<u>Larabee</u>, 271 S.W.3d at 546-47 (quoting <u>Dreckshage v. Community Fed. Sav. and Loan Ass'n</u>,

Although it is possible plaintiff's claims may ultimately be found to be time barred, MBJC has not met its burden of proof to establish that no genuine issues of material fact remain and that it is entitled to judgment as a matter of law at this time.

**Conclusion**

For the foregoing reasons, the Court will deny defendant MBJC's motion for partial summary judgment, and deny plaintiff's motion for Rule 56(f) continuance as moot.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Missouri Bone and Joint Center, Inc.'s motion for partial summary judgment is **DENIED**.  [Doc. 44]

**IT IS FURTHER ORDERED** that plaintiff's motion to strike, construed as a motion for continuance of ruling under Rule 56(f), Fed. R. Civ. P., is **DENIED as moot** . [Doc. 47]

_(signature)_

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  6th  day of July, 2010.

---

555 S.W.2d 314, 319-20 (Mo. 1977) (en banc)).  The Missouri Court of Appeals quoted and relied on the same Annotation in <u>Bueneman</u>.