UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ALVIN HOWARD, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10-CV-13 CAS |
| | ) | |
| LEO A. WHITESIDE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for leave to file a second amended complaint, filed on December 2, 2010 pursuant to Rule 15(a)(2), Federal Rules of Civil Procedure. Defendants Patricia A. Whiteside and the Patricia A. Whiteside Revocable Trust Dated 12-20-1987 (the "Trust") filed an opposition, which was joined in by defendants Leo A. Whiteside and Missouri Bone and Joint Center, Inc. (collectively "defendants"). Plaintiff filed a reply and matter is fully briefed. For the following reasons, the Court will deny the motion for leave to amend.

**Background**

This is an action for declaratory judgment under 28 U.S.C. § 2201 and the Missouri Uniform Fraudulent Transfer Act, Mo. Rev. Stat. §§ 428.005, et seq. (2000). Plaintiff Alvin Howard obtained a judgment (the "Judgment") against defendant Missouri Bone and Joint Center, Inc. ("MBJC") on March 26, 2009 in a separate action in this Court in Case No. 4:05-CV-1333 HEA (the "underlying case"). Plaintiff has been unable to collect the Judgment and brings this action in an attempt to further his efforts to do so. In Count I, plaintiff contended that defendant Leo A. Whiteside, a physician and principal of MBJC, is personally liable on the Judgment and fraudulently conveyed assets of MBJC in order to defraud its future creditors.

Defendant Leo A. Whiteside moved to dismiss the claims against him in Count I for failure to state a claim upon which relief can be granted, and the motion was granted by Memorandum and Order and Order of Partial Dismissal dated March 4, 2010 (Doc. 22). In April 2010, plaintiff sought leave to amend his complaint to reassert Count I against Dr. Whiteside and on May 11, 2010 the Court denied the motion without prejudice based on plaintiff's failure to indicate how the proposed amended complaint differed from the original complaint, and how the amended complaint cured the defects that existed in the original complaint. The Order stated in part,

> Any future motion for leave to amend must include a statement of how the proposed amended complaint differs from the original complaint and argument from plaintiff, supported by citation to legal authority, establishing why leave to amend should be granted. Specifically, plaintiff should explain how the proposed amendment would cure the defects of the original complaint.

Mem. and Order of May 11, 2010 at 3 (Doc. 42).

Under the applicable Case Management Order, motions for leave to amend pleadings were due by July 30, 2010. See Case Management Order at 1 (Doc. 41).

**Legal Standard**

"Rule 15(a) of the Federal Rules of Civil Procedure governs motions for leave to amend pleadings and generally supports the liberal granting of such motions 'when justice so requires.' Rule 16(b), however, provides that scheduling orders limit the time for amending pleadings and that a schedule established by such an order 'shall not be modified except upon a showing of good cause.'" Schenk v. Chavis, 259 F. App'x 905, 907 (8th Cir. 2008).

Where a party seeks leave to amend its complaint after the deadline in the case management order has passed, Fed. R. Civ. P. 16(b)'s good-cause standard applies, not the standard of Rule 15(a). Under Rule 16(b), the party must show good cause in order to be granted leave to amend. Sherman

2

v.Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008); Popoalii v. Correctional Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006). "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." Sherman, 532 F.3d at 717 (citing Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001) (concluding there was no need to inquire beyond the first criterion, diligence, because the record clearly demonstrated the plaintiff made only minimal efforts to satisfy the scheduling order's requirements)).

The Eighth Circuit has explained that its "cases reviewing Rule 16(b) rulings focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order." Sherman, 532 F.3d at 716-17 (citing Rahn, 464 F.3d at 822 (affirming the district court's denial of plaintiff's request for a modification of the scheduling order because the record made clear that he did not act diligently to meet the order's deadlines); Barstad v. Murray County, 420 F.3d 880, 883 (8th Cir. 2005) (affirming the district court's denial of leave to amend the plaintiffs' complaint under Rule 16(b) because they had eight months to request an amendment of the scheduling order and "knew of the claims they sought to add when they filed the original complaint"); Freeman v. Busch, 349 F.3d 582, 589 (8th Cir. 2003) (affirming, under Rule 16(b), the district court's denial of plaintiff's motion to amend her complaint because she provided no reasons why the amendment could not have been made earlier or why her motion to amend was filed so late)).

Moreover, "When late tendered amendments involve new theories of recovery and impose additional discovery requirements, appellate courts are less likely to hold a district court abused its discretion [in denying leave to amend]." Popoalii, 512 F.3d at 497 (citing Fed. R. Civ. P. 16(b)).

**Discussion**

The motion for leave, which is accompanied by a proposed amended complaint, states only that plaintiff "seeks to amend the Complaint to add an additional count for common law fraud against all parties" based on information received in discovery. Mot. for Leave at 1. Plaintiff does not otherwise explain how the proposed amended complaint differs from the existing complaint and cites no authority in support of his motion. Plaintiff asserts that the Court should freely grant leave to amend under Rule 15(a)(2), Fed. R. Civ. P., and states that no depositions have taken place and no parties will be prejudiced by the amendment.

The defendants oppose granting leave to amend on the grounds that (1) plaintiff did not and cannot assert the requisite good cause under Rule 16(b) for filing his motion four months after the deadline for amending pleadings expired; and (2) the proposed amended complaint raises new issues and defendants would be unduly prejudiced based on the current discovery and dispositive motion deadlines. Defendants also point out that in addition to adding a fraud count, the proposed amended complaint seeks to reinstate Count I against Leo Whiteside, but plaintiff failed to follow the Court's order that he explain how the proposed amended complaint would correct the defects in Count I that resulted in its dismissal in March 2010.

Defendants assert that plaintiff cannot show good cause for seeking leave to amend four months after the deadline to amend pleadings expired, because any discovery on which he purports to rely for his amended complaint was served on him well before the deadline expired, and plaintiff

has performed no discovery since the defendants served their responses to his first set of discovery requests on July 6, 2010. Defendants assert that plaintiff's delay in filing his motion to amend without any other discovery demonstrates that he failed to exercise diligence in meeting the Court's scheduling order deadline and, further, that his failure to state any reason for his lack of diligence is additional evidence thereof and of lack of good cause.

Defendants also contend they would be prejudiced by the amendment because the proposed amended complaint raises several new issues, including plaintiff's claim that he is entitled to punitive damages and attorneys' fees under his fraudulent transfer claim in Count III, which raises substantive new legal issues for the defendants. Defendants note that discovery is set to conclude on January 14, 2011, and assert that the scheduling order does not permit adequate time for discovery or dispositive motions on these new issues.

Plaintiff replies that the Court should grant his motion for leave to amend because the defendants have not shown how they would be prejudiced by the filing, because he filed the proposed amended complaint only after documents were produced in discovery and Court-mandated alternative dispute resolution was unsuccessfully completed. Plaintiff asserts that he has not been inactive since receiving defendants' discovery in July 2010, as he was awaiting answers to garnishment interrogatories in the underlying case, which he did not receive until October 4, 2010. Plaintiff also states that this is a complex case involving allegations of asset sheltering and he was not able, based on the limited documents produced, to "immediately ascertain the exact nature of the loan transactions at issue, much less assimilate all of the information and investigation into an amended complaint prior to the July deadline." Reply at 2. Plaintiff apologizes to the Court for "lack of a specific statement of the amendment to Count I regarding Dr. Whiteside," and with

5

respect to Count I states that he has "added allegations sufficient to plead a case against Dr. Whiteside and MBJC for 'piercing the corporate veil' based on Dr. Whiteside's complete ownership, control and dominance of MBJC." Reply at 2-3.

Plaintiff asserts that the addition of the fraud count, Count IV, does not prejudice the defendants and should come as no surprise to them, given the nature of the fraud allegations already contained in the complaint. Plaintiff states that Count IV alleges he was damaged by defendants' fraudulent actions in representing the "loan" from the Patricia A. Whiteside Revocable Trust to MBJC as a legitimate transaction and the UCC1 lien statement as representing a legitimate encumbrance of all MBJC assets. Plaintiff states these allegations are based on (1) the Trust's intervention in the underlying case, (2) U.S. Bank's refusal to turn over the $175,000 proceeds of the garnishment currently being held while the Trust claims an interest in the funds, and (3) the defendants' "continuing and repeated assertions that MBJC is without sufficient assets to satisfy the judgments in light of the Trust's security agreement." Reply at 3. Plaintiff also notes that U.S. Bank did not respond to the garnishment interrogatories until August 12, 2010, after the deadline to amend pleadings had expired.[1]

Plaintiff's conclusory motion for leave to amend and his more detailed reply both suffer from the defect of conflating his initial burden to establish good cause for leave to amend out of time with the subsequent inquiry into any prejudice which might accrue to the defendants. The Court must find that plaintiff has established good cause to amend his complaint outside the scheduling order's

---

[1] The Court notes that the Notices of Execution and garnishment interrogatories to U.S. Bank and Dr. Whiteside were issued on July 7, 2010, with answers due August 12, 2010, so plaintiff knew when he issued them that answers would not be received until after the deadline for amending pleadings had passed. See Docs. 123, 124 in Case No. 4:05-CV-1333 HEA.

6

deadline, i.e., that plaintiff acted with diligence, before it will examine the issue of prejudice. See Bradford, 249 F.3d at 809.

Plaintiff asserts in his motion that he did not receive discovery information until after the deadline for amending pleadings passed. However, the only discovery plaintiff actually identifies in his reply are post-judgment garnishment answers in the underlying case. Plaintiff states that he did not receive Dr. Whiteside's garnishment answers until October 4, 2010, but does not state what he learned from the answers that might have informed any aspect of the proposed amended complaint, and the significance of the answers to the complaint is not apparent to the Court.

Similarly, plaintiff states that U.S. Bank did not respond to garnishment interrogatories until August 12, 2010, but does not state how U.S. Bank's garnishment answers provide new information that gives rise to a fraud claim against the defendants. U.S. Bank's answer states that it is holding $175,000 belonging to MBJC, in which another party, presumably the Trust, claims a prior security interest. See Answer to Garnishment Interrogatories of Garnishee U.S. Bank (Doc. 129), in Case No. 4:05-CV-1333 HEA. The Court notes the original complaint in this action alleges that MBJC has assets available to satisfy the judgment from the underlying case, but that the Trust fraudulently claims a lien on those assets. Complaint at 7-10. The fact that U.S. Bank holds those assets appears irrelevant to plaintiff's proposed new fraud allegations.

Plaintiff also relies on the fact that the Trust moved to intervene in the underlying case to justify his delay. This reason is specious, however, because the motion to intervene was filed in the underlying case on December 8, 2009, as reflected by Exhibit 3 attached to the original complaint in this case. Finally, plaintiff makes no effort to explain why he did not seek to reassert Count I

against Dr. Whiteside from the time the Court denied his motion for leave to amend in May 2010 until the present.

The Court concludes plaintiff has not established that he acted with diligence in trying to meet the requirements of the Case Management Order. It appears that all of the relevant information plaintiff seeks to add to his complaint was in his possession well prior to the deadline for amendment of pleadings, as it is undisputed that defendants responded to plaintiff's discovery requests on July 6, 2010. Plaintiff has not identified any discovery he obtained after that date which was necessary for the proposed amendment. Plaintiff's concession that he has taken no depositions also indicates his lack of diligence in prosecuting this case. Plaintiff therefore has not established good cause to file an amended complaint four months out of time, and leave to amend should be denied.

Even if it were assumed that plaintiff could establish good cause, which he cannot, the Court finds defendants would be prejudiced by the proposed amendment. The proposed complaint seeks to assert a new theories which would require additional discovery, including a fraud claim and claims for attorneys' fees and punitive damages, and there is insufficient time for even one round of discovery before the recently-extended discovery completion deadline of January 14, 2011 expires.[2] Further, with respect to Count I, plaintiff seeks to assert a new theory of piercing the corporate veil, in contrast to the original complaint's claim that Dr. Whiteside was personally liable on the underlying Judgment because he incorporated MBJC under the General and Business

---

[2]The Order granting in part plaintiff's recent motion for leave to amend the Case Management Order noted that plaintiff failed to establish the necessary exceptional circumstances warranting amendment, and that "plaintiff took a risk by failing to obtain the necessary discovery or seek modification of the CMO prior to expiration of the discovery completion deadline" on November 15, 2010. The Court granted the motion because there was no objection by the defendants and plaintiff did not seek to alter the trial date. See Order Amending Case Management Order at 1-2 (Doc. 65).

Corporation Law of Missouri rather than under the Professional Corporation Law of Missouri. See Mem. and Order of Mar. 4, 2010 at 3-5. In addition, setting aside the significant omission that plaintiff did not mention the reinstatement of Count I in the motion for leave, plaintiff failed to comply with the Court's Order of May 10, 2010, because he did not (1) adequately explain how Count I of the amended complaint differs from the original; and (2) provide argument, supported by citation to legal authority, establishing why leave to amend should be granted.

**Conclusion**

For the foregoing reasons, the Court concludes plaintiff has not established that good cause exists to warrant granting him leave to amend his complaint under Rule 16(b), Fed. R. Civ. P. The Court will therefore deny plaintiff's motion for leave to file a second amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file a second amended complaint is **DENIED**. [Doc. 64]

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   17th   day of December, 2010.